UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GILBERT MICHAEL GREENWOOD,

    Plaintiff,

v.

PIERCE COUNTY, *et al.*,

    Defendants.

Case No. C21-5874-JHC-MLP

ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on: (1) Plaintiff's application for court-appointed counsel (dkt. # 11); and (2) Plaintiff's motion for an extension of time to file a response to Defendants' pending motion to dismiss (dkt. # 17). Both of Plaintiff's pending requests for relief are based on physical limitations that make it difficult for him to litigate this action. Defendants have not responded to either Plaintiff's application for court-appointed counsel or his motion for extension of time. The Court addresses each of Plaintiff's requests for relief below.

Plaintiff filed his application for court-appointed counsel on April 1, 2022. (Dkt. # 11.) He asserts therein that he is permanently disabled due to spinal cord damage, and that it is "near

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 1

impossible" for him to prepare his case because he is taking pain medication which leaves him with "few clear-minded awake hours each day" and he suffers severe chronic pain when not under the influence of the pain medication. (*Id*. at 3.) In his motion for an extension of time, filed on April 27, 2022, Plaintiff asserts that he was released from the hospital on April 18, 2022, to recover from cervical fusion surgery and that he currently has a neck brace which severely restricts his head movement. (Dkt. # 17 at 1-2.) Plaintiff explains that the neck brace limits his ability to read and write because he cannot look down, and that pain prevents him from raising his arms to elevate reading materials for more than short periods. (*Id*.) Plaintiff also states that he is currently taking pain medication and muscle relaxers which make him drowsy and render him unable to concentrate. (*Id*.) Plaintiff indicates that the neck brace restriction will be in place until the end of June 2022, and he asks that the Court allow him sufficient time to recover from surgery and also afford him the time that would normally be permitted for a litigant to respond to filings such as those presented by Defendants. (*Id*.)

With respect to Plaintiff's application for court-appointed counsel, Plaintiff is advised that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 2

Though Plaintiff asserts that he believes his claim has merit, the Court cannot discern at this time, in the absence of full briefing on the pending motion to dismiss, whether Plaintiff is likely to successfully withstand the motion. Plaintiff has shown, however, that he has the ability to litigate this matter without the assistance of counsel. Though Plaintiff's materials suggest that it would be difficult for him to litigate this action at present due to his physical limitations, the materials also suggest that these limitations are temporary, and that Plaintiff will be able to do the reading and writing necessary to pursue this case once he has recovered from his recent surgery. The Court therefore concludes that Plaintiff has not demonstrated his case involves exceptional circumstances warranting the appointment of counsel. Plaintiff has, however, demonstrated that an extension of time is warranted to permit him to recover from surgery before being required to respond to Defendants' pending motion to dismiss.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's application for court-appointed counsel (dkt. # 11) is DENIED.

(2) Plaintiff's motion for an extension of time to file his response to Defendants' pending motion to dismiss (dkt. # 17) is GRANTED. Plaintiff is directed to file his response not later than **July 18, 2022**.[1]

(3) Defendants' motion to dismiss (dkt. # 14) is RE-NOTED on the Court's calendar for consideration on **July 22, 2022**.

(4) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John H. Chun.

---

[1] Plaintiff indicates in his motion for extension of time that he also intends to respond to the notice of appearance (dkt. # 13) and the notice to pro se inmate (dkt. # 15) filed by Defendants in conjunction with their motion to dismiss (dkt. # 14). (*See* dkt. # 17 at 1.) Plaintiff is advised that no response is required to these documents. Plaintiff should confine his response to the pending motion to dismiss.

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 3

DATED this 12th day of May, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 4