UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GILBERT MICHAEL GREENWOOD,

                    Plaintiff,

    v.

PIERCE COUNTY, *et al.*,

                    Defendants.

Case No. C21-5874-JHC-MLP

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Defendants' motion to stay discovery. (Dkt. # 19.) Defendants argue that a stay is appropriate because they have filed a motion to dismiss which they believe will be dispositive of this case. (*Id*. at 2.) They maintain that without a stay of discovery, they will be required to answer Plaintiff's discovery requests, some of which have already been served, and that this will result in the expenditure of significant expense and time and be unnecessary if their motion to dismiss is granted. (*Id*. at 2-3.) Plaintiff has filed a response to Defendants' motion in which he requests that the motion be denied. (Dkt. # 24.) Plaintiff maintains that the information necessary to pursue his case is in the possession of Defendants, and he claims that Defendants are trying to

ORDER DENYING DEFENDANTS'
MOTION TO STAY DISCOVERY - 1

hide that information from the Court and prevent him from defending against their motion to dismiss. (*See id*.)

The record reflects that Plaintiff submitted his civil rights complaint to this Court for filing in December 2021. (*See* dkt. # 1.) The Court screened the complaint in accordance with 28 U.S.C. § 1915A(a), and thereafter issued an Order declining to serve the complaint and granting Plaintiff leave to file an amended complaint curing certain specified deficiencies. (Dkt. # 5.) Plaintiff subsequently filed an amended complaint, which the Court deemed sufficient to warrant service on the two named Defendants, *i.e.*, Pierce County and Dr. Miguel Balderrama. (*See* dkt. ## 8-10.)

On April 20, 2022, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in lieu of filing an answer to Plaintiff's amended complaint.[1] (Dkt. # 14.) Defendants argue therein that the amended complaint fails to state a claim upon which relief may be granted. (*Id*. at 4-10.) Defendants also argue that Dr. Balderrama is entitled to qualified immunity in this action. (*Id*. at 10-11.) On May 1, 2022, Plaintiff mailed discovery requests to Defendants seeking the production of numerous documents, and those requests were received on May 5, 2022. (*See* dkt. # 20, Ex. A.) Defendants' motion to stay discovery pending resolution of their motion to dismiss followed. (Dkt. # 19.)

The district court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon a showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c). A court may also relieve a party of the burdens of

---

[1] Defendants' motion to dismiss is currently noted on the Court's calendar for consideration on July 22, 2022. (*See* dkt. ## 14, 21.)

ORDER DENYING DEFENDANTS'
MOTION TO STAY DISCOVERY - 2

discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

Here, the pending motion to dismiss challenges the legal sufficiency of all claims asserted in the amended complaint. (*See* dkt. # 14.) Though Defendants' motion could potentially result in dismissal of the entire action, dismissal is not a foregone conclusion, particularly in light of the fact that the Court previously screened the amended complaint and determined that Plaintiff's allegations were sufficient to warrant service.

The Court also observes, in relation to Defendants' motion to dismiss, that Defendants rely on an incorrect standard in presenting their arguments concerning the legal sufficiency of the claims asserted against Dr. Balderrama. Defendants acknowledge that a § 1983 claim for deliberate indifference arises under the Eighth Amendment for convicted prisoners, and under the Fourteenth Amendment for pretrial detainees. (*See* dkt. # 14 at 7.) They then go on to assert, incorrectly, that the same deliberate indifference standard applies regardless of which amendment provides the constitutional basis for the claim alleged. (*See id*.) The Ninth Circuit has made clear that a pretrial detainee's Fourteenth Amendment claim alleging a violation of the right to adequate medical care is evaluated under an objective deliberate indifference standard, not the subjective deliberate indifference standard applicable to similar claims brought by convicted prisoners. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (2016)). Defendants' failure to identify the proper legal standard raises questions concerning the viability of their motion to dismiss, at least as it pertains to the claims asserted against Dr. Balderrama.

ORDER DENYING DEFENDANTS'
MOTION TO STAY DISCOVERY - 3

The Court acknowledges that discovery may not be necessary for Plaintiff to adequately respond to Defendants' motion to dismiss given that it is not incumbent upon him at this stage of the proceedings to prove his claims, only to demonstrate that they are legally sufficient to proceed. However, the Court is not persuaded that halting discovery while the motion to dismiss remains pending is appropriate in the circumstances presented here.

Accordingly, the Court hereby ORDERS as follows:

(1)  Defendants' motion to stay discovery (dkt. # 19) is DENIED.

(2)  The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John H. Chun.

Dated this 3rd day of June, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING DEFENDANTS'
MOTION TO STAY DISCOVERY - 4