UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GILBERT MICHAEL GREENWOOD, | CASE NO. 3:21-cv-05874-JHC-MLP |
| Plaintiff, | ORDER |
| v. | |
| PIERCE COUNTY and MIGUEL BALDERRAMA, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's "Motion for Reconsideration for Order Granting in Part and Denying in Part Defendants['] Motion to Dismiss." Dkt. # 39. The Court has considered the motion and the record.

On October 12, 2022, this Court adopted the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge. Dkt. # 37. In its Order, the Court granted Defendants' motion to dismiss as to Defendant Pierce County and denied the motion as to Defendant Miguel Balderrama. *Id.* On October 26, 2022, Plaintiff filed this motion for reconsideration. Dkt. # 39. In this pleading, Plaintiff seeks reconsideration of this Court's dismissal of Pierce County. *Id.* at 19. Plaintiff also requests leave to amend the complaint to "add new information gained by [d]iscovery." *Id.*

ORDER - 1

"Motions for reconsideration are disfavored." W.D. Wash. Local Civ. R. 7(h). They will not be granted absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* The Court has discretion in deciding whether to grant a motion for reconsideration. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff fails to show "manifest error" in the Court's dismissal of Pierce County. This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff says his amended complaint identifies several Pierce County policies and customs that violated his constitutional rights. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). His motion says such policies include a failure to adequately train Pierce County medical staff and a policy of ignoring inmates' medical requests involving "serious conditions." *See* Dkt. # 39 at 4–5, 8. But Plaintiff's amended complaint does not allege enough facts from which the Court can reasonably infer that Pierce County has a pervasive policy or custom of not training its staff or of ignoring inmates' serious medical requests. Instead, Plaintiff's allegations concern his dissatisfaction with the medical care he received.

Thus, the Court DENIES Plaintiff's motion. Dkt. # 39. To the extent Plaintiff seeks leave to amend the complaint as to his claims against Defendant Balderrama, Plaintiff may file a separate motion for the Court's consideration.[1]

---

[1] To the extent Plaintiff seeks to amend his complaint as to his claims against Pierce County, he may not do so. This Court dismissed Pierce County with prejudice. Dkt. # 37 at 1. And "where amendment would be futile, a claim is properly dismissed with prejudice." *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019). Plaintiff has not shown the Court manifestly erred when it denied leave to amend because amendment would be futile. *See* W.D. Wash. Local Civ. R. 7(h); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (stating that "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

ORDER - 2

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of November, 2022.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 3