UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GILBERT MICHAEL GREENWOOD,<br><br>                        Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY, *et al.*,<br><br>                        Defendants. | Case No. C21-5874-JHC-MLP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL |

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motion for an extension of time to file an appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("FRAP").[1] (Dkt. # 42.) Plaintiff indicates in his motion that he wishes to appeal the Order issued by United States District Judge John H. Chun on November 3, 2022, denying Plaintiff's motion for reconsideration of a prior Order dismissing one of the two Defendants originally named in this action. (*See id*. at 1-2.) Plaintiff, in an effort to establish excusable neglect to support the requested extension, claims that the mail from the Court was not delivered to him by prison staff in the typical fashion and he therefore did not

---

[1] Pursuant to FRAP 4(a)(1)(A), an appeal in a civil case must be filed within 30 days after entry of the order appealed from.

ORDER DENYING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO APPEAL - 1

open the envelope containing Judge Chun's most recent Order until November 13, 2022. (*Id*. at 2.) Plaintiff further claims that after seeing the Order, he was not able to obtain access to the law library to "research options" until November 30, 2022. (*See id*.) Plaintiff signed the instant motion on that date. (*Id*.) Defendant has filed no response to Plaintiff's motion.

The Court need not address the question of whether the requested extension is warranted because Judge Chun's Order is simply not appealable at this time. The Order Plaintiff wishes to appeal disposed of only a portion of this case while other portions of the case remain pending. Interlocutory appeals such as the one Plaintiff apparently wishes to pursue are allowed only under specific circumstances. The procedural requirements for such appeals are set forth in 28 U.S.C. § 1292(b). Section 1292(b) "provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *City of Los Angeles, Harbor Div. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996).) Section 1292(b) permits a court to certify an order for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Plaintiff makes no showing that his anticipated appeal meets the requirements for certification of an interlocutory appeal as set forth in § 1292(b). Accordingly, Plaintiff's motion for an extension of time to file an appeal is effectively moot.

//

ORDER DENYING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO APPEAL - 2

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion for an extension of time to file an appeal (dkt. # 42) is DENIED.

(2) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to the Honorable John H. Chun.

Dated this 28th day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO APPEAL - 3