UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GILBERT MICHAEL GREENWOOD,<br><br>                    Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY, *et al.*,<br><br>                    Defendants. | Case No. C21-5874-JHC-MLP<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND HIS COMPLAINT, TO JOIN PARTIES, AND TO EXTEND THE PRETRIAL DEADLINES |

## I.    INTRODUCTION

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. The claims asserted in this action arise out of Plaintiff's pretrial detention at the Pierce County Jail ("the Jail") in 2018-19 and relate to the adequacy of the medical care he received while confined at the Jail. At present, the operative complaint in this action is Plaintiff's first amended complaint, filed February 25, 2022, and the only Defendant is Miguel Balderrama, M.D., attending physician and medical director at the Jail. (*See* dkt. ## 8, 32, 37.) This matter is now before the Court for consideration of Plaintiff's motion to amend his complaint to add defendants (dkt. # 46), his motion for joinder of defendants (dkt. # 49), and his motion to vacate and reset the scheduling order (dkt. # 48). The Court addresses the pending motions below.

ORDER DENYING PLAINTIFF'S MOTIONS
TO AMEND HIS COMPLAINT, TO JOIN PARTIES,
AND TO EXTEND THE PRETRIAL DEADLINES - 1

## II. BACKGROUND

Plaintiff submitted his original complaint to this Court for filing on December 1, 2021. (*See* dkt. # 1.) Plaintiff alleged in his complaint that Defendants had violated his rights under the Eighth and Fourteenth Amendments when they failed to provide timely and adequate care for his Syringomyelia, a disorder involving the spinal cord, and his gastroesophageal reflux disease ("GERD"). (*See* dkt. # 4.) More specifically, Plaintiff asserted that Defendants refused to recognize his emergent symptoms of Syringomyelia, which delayed necessary testing and treatment and ultimately caused permanent neurological damage. (*See id*.) Plaintiff claimed that he was denied pain medication to manage the chronic pain associated with his condition. (*See id*.) Plaintiff also claimed that his complaints regarding his stomach issues, including difficulty swallowing and an inability to keep food down, were ignored by Defendants, and that he was denied a prescription for Prilosec, a medication he had been taking for over twenty years. (*See id*.)

Plaintiff asserted that clinic staff were not properly trained and that unqualified nurses were allowed to act in place of specialists. (*See* dkt. # 4.) Plaintiff also asserted that his ability to access care was blocked when Defendants failed to clear his health service requests from the kiosk used to request care, thereby preventing him from submitting additional requests, and when they failed to make paper forms available as an alternative means of requesting care. (*See id*.)

Plaintiff identified the following Defendants in his complaint: Pierce County; Dr. Miguel Balderrama; Registered Nurse J. Slothower, Heath Services Administrator; Nurse Practitioner Christie Steele; Registered Nurses Sabrina Bual, Mary Mapiny, and Diana Blowers; Clinic

ORDER DENYING PLAINTIFF'S MOTIONS
TO AMEND HIS COMPLAINT, TO JOIN PARTIES,
AND TO EXTEND THE PRETRIAL DEADLINES - 2

1  Worker J. Simpson; NaphCare, Inc.; and John and Jane Doe. (Dkt. # 4 at 1, 3-4.) Plaintiff
2  requested damages and injunctive relief. (*Id*. at 80.)
3        On January 27, 2022, the Court issued an Order declining to serve the pleading because it
4  was deficient in various respects. (Dkt. # 5.) The Court, however, granted Plaintiff leave to file
5  an amended complaint correcting a number of specified deficiencies (*See id*.) The Court first set
6  forth in its Order declining to serve Plaintiff's original complaint the general pleading standards
7  applicable to this civil rights action, and the specific standard applicable to claims of inadequate
8  medical care asserted by a pretrial detainee. (*Id*. at 3-5.) The Court then went on to discuss the
9  various deficiencies it had identified in Plaintiff's pleading. (*Id*. at 5-8.)
10       The first deficiency noted by the Court was that Plaintiff's pleading did not comply with
11 the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. (Dkt. # 5 at 5.) The Court
12 explained that Plaintiff's pleading was lengthy, confusing, contained numerous redundancies,
13 and failed to clearly articulate plausible claims for relief against all of the named Defendants. (*Id*.
14 at 5-6.) The Court advised Plaintiff that he would need to substantially refine and clarify his
15 claims if he wished to proceed with this action. (*See id*.) The Court then went on to identify
16 specific deficiencies in Plaintiff's pleading pertaining to the claims asserted against the various
17 Defendants identified therein. (*Id*. at 6-7.)
18       On February 25, 2022, Plaintiff submitted an amended complaint naming only Pierce
19 County and Dr. Balderrama. (Dkt. # 8.) The Court deemed Plaintiff's amended pleading
20 sufficient to warrant service on the two named Defendants and issued Orders directing such
21 service. (*See* dkt. ## 9-10.) Defendants thereafter filed a motion to dismiss, which resulted in the
22 dismissal of Pierce County from this action while the case continued as to Dr. Balderrama. (*See*
23 dkt. ## 14, 32, 37.)

ORDER DENYING PLAINTIFF'S MOTIONS
TO AMEND HIS COMPLAINT, TO JOIN PARTIES,
AND TO EXTEND THE PRETRIAL DEADLINES - 3

On November 1, 2022, the Court issued a Pretrial Scheduling Order establishing deadlines of February 10, 2023, for the completion of discovery, and March 10, 2023, for the filing of dispositive motions. (Dkt. # 40.) On December 7, 2022, Plaintiff filed a motion seeking an extension of the pretrial deadlines (dkt. # 43), and the Court granted Plaintiff's request, extending the discovery deadline to April 11, 2023, and the dispositive motion filing deadline to May 11, 2023 (dkt. # 45). Plaintiff was specifically advised in the Court's Order granting the extension of time that no further extensions of the pretrial deadlines would be granted. (*See id*. at 2.)

On April 7, 2023, a mere four days before expiration of the discovery deadline, Plaintiff filed a motion for leave to file a seconded amended complaint together with a 95-page proposed second amended complaint. (Dkts. ## 46, 46-1.) On the same date, Plaintiff filed a motion for joinder of defendants (dkt. # 49), and a motion seeking an additional 60-day extension of the pretrial deadlines (dkt. # 48). Defendant Balderrama filed responses to Plaintiff's motions for leave to amend and for joinder in which he indicated that he neither joined nor opposed Plaintiff's requests for relief. (*See* dkt. ## 50-51.) Defendant did not file a response to Plaintiff's request for an extension of the pretrial deadlines.

On May 11, 2023, Defendant Balderrama filed a motion for summary judgment. (Dkt. # 52.) That motion is noted on the Court's calendar for consideration on June 2, 2023. (*See id*.)

### III. DISCUSSION

#### A. Motion to Amend

Plaintiff, in his motion to amend, requests that he be granted leave to amend his complaint to add the following Defendants to this action: Christie Steele, Sabrina Bual, NaphCare, Inc., and Jonathan Slothower. (Dkt. # 46.) Plaintiff indicates in his motion that

ORDER DENYING PLAINTIFF'S MOTIONS
TO AMEND HIS COMPLAINT, TO JOIN PARTIES,
AND TO EXTEND THE PRETRIAL DEADLINES - 4

materials produced by Pierce County during discovery revealed that the above four Defendants, together with Dr. Balderrama, are proper parties to this action. (*Id.*) Plaintiff's proposed second amended complaint is comprised of his first amended complaint, with the text of his claims against Pierce County properly stricken through, and what appear to effectively be three supplemental complaints setting forth his claims against the proposed new Defendants. (*See* dkt. # 46-1.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). An amendment to a complaint is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex. Rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff has not demonstrated that leave to amend should be granted in light of the factors set forth above. In particular, the Court concludes that Plaintiff's proposed second amended complaint is not timely, nor does it adequately allege a plausible claim for relief against the Defendants it seeks to add to this action.

    1.    Timeliness

In assessing undue delay, the appropriate inquiry is whether the delay, *i.e.*, the time between when the party obtained the relevant fact(s) and when that party sought leave to amend,

ORDER DENYING PLAINTIFF'S MOTIONS
TO AMEND HIS COMPLAINT, TO JOIN PARTIES,
AND TO EXTEND THE PRETRIAL DEADLINES - 5

is reasonable. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). This Court concludes that Plaintiff's delay in seeking leave to file a second amended complaint was not reasonable.

      The Defendants whom Plaintiff now seeks to add to this action were identified as Defendants in Plaintiff's original complaint, filed in December 2021, wherein Plaintiff set forth some facts pertaining to the alleged unconstitutional conduct of these Defendants. (*See* dkt. # 4 at 1, 3-4.) In the Court's Order declining to serve that complaint, Plaintiff was specifically advised of the deficiencies in his claims, including an overall lack of clarity and specificity. (*See* dkt. # 5.) When Plaintiff filed his first amended complaint in February 2022, he omitted these Defendants, focusing instead on his claims against Dr. Balderrama and Pierce County. (Dkt. # 8.) It is therefore clear that Plaintiff knew the names of the Defendants he now seeks to add to this action, and had some degree of knowledge of their involvement in events giving rise to his constitutional claims, at the time he originally filed this action.

      Plaintiff also apparently had available to him, at the time he filed his first amended complaint, a detailed chronological list of the facts he now relies upon to support his claims against the proposed new Defendants. In particular, the record reflects that Plaintiff submitted as an exhibit to his first amended complaint an extensive chronological list of "Medical Communications" he had while confined at the Jail. (*See* dkt. # 8-1, Ex. 1.) This is a document that Plaintiff appears to have created himself detailing kiosk messages he sent to the medical staff, the responses he received, and his personal notes regarding these interactions. (*Id*.) The list also includes descriptions of the direct interactions Plaintiff had with the medical staff, the concerns he raised during these interactions, and the responses he received. (*See id*.) Given all of

the information in Plaintiff's possession at least as of February 2022, it is unclear why it took Plaintiff over a year to prepare and present his proposed second amended complaint for filing.

The Court acknowledges that Plaintiff's second amended complaint is lengthy, and that it no doubt took some time to prepare. However, Plaintiff might have expedited the process had he heeded the advisements in the Court's Order declining to serve his original complaint of the need for him to refine and clarify his claims. (*See* dkt. # 5 at 6.) The Court specifically signaled therein the need for Plaintiff to eliminate redundancies and exclude unnecessary details (*see id*. at 5-6), something he arguably does not do in his proposed second amended complaint. Plaintiff, having apparently disregarded the Court's prior advisements in the preparation of his proposed second amended complaint, has presented an amended pleading that is both untimely and, as will be explained below, inadequate.

    2.    Futility

Federal Rule of Civil Procedure 8(a) provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute;

ORDER DENYING PLAINTIFF'S MOTIONS
TO AMEND HIS COMPLAINT, TO JOIN PARTIES,
AND TO EXTEND THE PRETRIAL DEADLINES - 7

and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

A claim of inadequate medical care asserted by a pretrial detainee arises under the Fourteenth Amendment. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *see also Shorter v. Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018) (the "more protective" Fourteenth Amendment standard applies to detainees who have not been convicted of a crime). A pretrial detainee's claim of inadequate medical care may state a plausible § 1983 claim if the alleged mistreatment rises to the level of "deliberate indifference to serious medical needs." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

To state a plausible claim for inadequate medical care, a pretrial detainee must allege four

elements: (1) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious;" and (4) by not taking such measures, the defendant caused plaintiff injury. *Gordon*, 888 F.3d at 1125 (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071 (quoted sources omitted)). A defendant's "mere lack of due care" is insufficient to state a Fourteenth Amendment claim. *Id.* Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* A difference of opinion between the inmate and medical authorities regarding proper treatment does not constitute deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

The Court first observes that Plaintiff's proposed second amended complaint, like his original complaint, fails to comply with the requirements of Fed. R. Civ. P. 8(a). As noted above, Plaintiff sets out his claims against the proposed four new Defendants in what appear to be three supplemental complaints attached to his first amended pleading. (*See* dkt. # 46-1 at 31-95.) These multiple complaints contain numerous redundancies and unnecessary details that obscure his claims. And, while Plaintiff's proposed second amended complaint describes what he believes Defendants should have done differently in responding to his requests for care, he does

ORDER DENYING PLAINTIFF'S MOTIONS
TO AMEND HIS COMPLAINT, TO JOIN PARTIES,
AND TO EXTEND THE PRETRIAL DEADLINES - 9

not allege clear and specific facts sufficient to state a plausible claim for relief under the Fourteenth Amendment against any of the proposed new individual Defendants. Indeed, Plaintiff's amended claims largely reflect a difference of opinion between Plaintiff and the medical care providers at the Jail as to the appropriate course of treatment for his Syringomyelia.

In addition, with respect to NaphCare, Plaintiff claims that this entity failed to properly train its employees and that this failure to train resulted in a policy of inaction. (*See* dkt. # 46-1 at 66-95.) The training deficiency Plaintiff identifies is that the nurses did not have adequate training in relation to tasks they must perform for patients who have serious neurological disorders, such as Syringomyelia. (*See id*.) Plaintiff complains that because of this lack of training, patients with such disorders are repeatedly sent to "sick call" rather than directed to providers qualified to evaluate and treat the disorders, and that this delays care for patients who require advanced treatment by physicians and specialists. (*See id*.) Plaintiff supports this claim by citing to the actions of individual members of the medical staff whom he claims failed to expedite his treatment by a neurologist or to elevate his status so that he would be visited by a physician instead of being repeatedly placed on the sick call list. (*See id*.)

Though Plaintiff couches his claim against NaphCare as one arising out of inadequate policies and training, the claim appears to primarily reflect his disagreement with the way individual NaphCare employees responded to his requests for treatment. This, in turn, suggests that Plaintiff is actually attempting to have NaphCare held liable in this action based on a theory of respondeat superior, which is not permissible in an action brought under § 1983. Even if this was not Plaintiff's intent, the facts alleged by Plaintiff in support of his claim against NaphCare are insufficient to demonstrate that it was the moving force behind any violation of Plaintiff's constitutional rights.

ORDER DENYING PLAINTIFF'S MOTIONS
TO AMEND HIS COMPLAINT, TO JOIN PARTIES,
AND TO EXTEND THE PRETRIAL DEADLINES - 10

In sum, Plaintiff's proposed second amended complaint fails to adequately state a plausible claim for relief against any of the proposed new Defendants. This, in combination with the fact that Plaintiff's request to amend is untimely and that Plaintiff has previously been granted an opportunity to amend his complaint, satisfy this Court that Plaintiff's motion for leave to amend his complaint should be denied.

### B.   Motion for Joinder of Defendants

Plaintiff, by way of his motion for joinder, simply seeks the Court's approval to add to this action the four new Defendants identified in his proposed second amended complaint. (Dkt. # 49.) As explained above, Plaintiff has not adequately alleged a cause of action against any of the proposed new Defendants and, thus, his motion for joinder of these Defendants must be denied.

### C.   Motion for Extension of the Pretrial Deadlines

Finally, Plaintiff has filed a motion to vacate and reset the Court's Pretrial Scheduling Order, which is essentially a motion to extend the pretrial deadlines in this case. (Dkt. # 48.) As noted above, this is Plaintiff's second such motion, having previously been granted a 60-day extension of the deadlines set forth in the Court's original Pretrial Scheduling Order. (*See* dkt. ## 43, 45.) Plaintiff now seeks an additional 60-day extension, despite having been advised in the Court's Order granting his first request that no further extensions of the pretrial deadlines would be granted. (*See* dkt. # 45 at 2; dkt. # 48.)

As he did in his original request for an extension of the deadlines, Plaintiff cites to limitations on legal access at the facility where he is confined as justification for the requested extension, and he also maintains that changes in facility rules have considerably slowed the process of conducting legal research and preparing documents for filing. (Dkt. # 48 at 1-3.)

Plaintiff asserts as well that some of his legal materials were confiscated during a cell search and were discarded, including a motion to compel that he intended to file in this action, which he must now "regenerate." (*Id*. at 2.)

It is evident from the 95-page proposed second amended complaint Plaintiff submitted in conjunction with his request for an additional extension of the deadlines that he has been able to conduct legal work at his facility despite rule changes and alleged limitations on legal access. That Plaintiff appears to have focused his efforts toward the preparation of an amended pleading rather than on meeting the approaching deadlines for discovery and dispositive motions. This does not establish good cause to extend deadlines that Plaintiff was previously advised would not be extended.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to amend his complaint (dkt. # 46), his motion for joinder of Defendants (dkt. # 49), and his motion for a second extension of the pretrial deadlines (dkt. # 48) are DENIED. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John H. Chun.

Dated this 30th day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge