UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GILBERT MICHAEL GREENWOOD,

                Plaintiff,

      v.

PIERCE COUNTY, *et al.*,

                Defendants.

Case No. C21-5874-JHC-MLP

ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY AND TO DEFER CONSIDERATION OF DEFENDANT'S SUMMARY JUDGMENT MOTION

## I.    INTRODUCTION

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. The claims asserted in this action arise out of Plaintiff's pretrial detention at the Pierce County Jail ("the Jail") in 2018-19 and relate to the adequacy of the medical care he received while confined at the Jail. The Jail was dismissed from this case (dkt. # 37); the only remaining defendant in this case is Defendant Miguel Balderrama. This matter is now before the Court for consideration of Plaintiff's motion to compel discovery (dkt. # 57) and his motion to defer consideration of Defendant's pending summary judgment motion (dkt. # 55). Defendant has filed a response opposing Plaintiff's motion to compel (dkt.

ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND TO DEFER
CONSIDERATION OF DEFENDANT'S
SUMMARY JUDGMENT MOTION - 1

# 63), but has not responded to Plaintiff's motion to defer consideration of his motion for summary judgment. The Court addresses the pending motions below.

## II. DISCUSSION

### A. Motion to Compel

Plaintiff, in his motion to compel, asks that the Court order Defendant to produce documents requested during discovery that Plaintiff claims Defendant improperly withheld. (*See* dkt. # 57.) In particular, Plaintiff asserts that Defendant withheld portions of Plaintiff's medical records and that Defendant failed to produce documentation regarding the medical procedures/protocols in place at the Pierce County Jail in 2018. (*See id*. at 1-6.) Plaintiff also complains that the medical records that were produced were not in chronological order as he had requested, and he asserts that Defendant's alleged failure to properly assemble the documents was intended "to create delay and confusion." (*See id*. at 5.)

Defendant argues in his response to Plaintiff's motion that the motion is deficient because Plaintiff made no effort to engage in a discovery conference prior to filing his motion. (*See* dkt. # 63 at 2.) Defendant further argues that Plaintiff has been provided complete responses to the requested discovery. (*Id*. at 2.) Plaintiff did not file a reply brief addressing Defendant's arguments in opposition to his motion to compel.

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. *See* Fed. R. Civ. P. 37(a)(1). Local Civil Rule ("LCR") 37(a)(1) likewise provides that "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration

or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." The rule further provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1).

    Plaintiff submitted with his motion a declaration in which he states that the method by which he is able to communicate is restricted to written communications, and he suggests that he satisfied the requirement that he make a good faith effort to meet and confer prior to filing his motion. (*See* dkt. # 58 at 1-4.) Even assuming written communications were an acceptable means of satisfying the meet and confer requirement, the efforts to communicate with Defendant's counsel that Plaintiff describes in his declaration are insufficient to satisfy the good faith requirement. So far as this Court can discern from Plaintiff's declaration, when his first set of discovery requests did not result in the production of all requested documents, he simply reiterated his requests in a second set of requests for production. (*See id*. at 2-4.) Filing multiple discovery requests does not constitute compliance with the LCR 37 meet and confer requirement. Nothing in the record demonstrates that Plaintiff tried to contact Defendant's counsel, by any method, to specifically discuss his concerns regarding Defendant's responses to his discovery requests. Plaintiff's failure to do so is fatal to his motion to compel.

    The Court also observes that Defendant, in his response to Plaintiff's motion to compel, represents that Plaintiff has been provided complete responses to the referenced discovery, despite the fact that many of Plaintiff's discovery requests were objectionable. (*See* dkt. # 63 at 2.) Plaintiff's mere submission of the motion to compel suggests that he does not believe this to

ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND TO DEFER
CONSIDERATION OF DEFENDANT'S
SUMMARY JUDGMENT MOTION - 3

be the case, but the fact that Plaintiff may believe he received incomplete discovery does not make it so. Notably, these are the types of disputes and/or misunderstandings that can typically be resolved by way of the discovery conference mandated by Fed. R. Civ. P. 37(a)(1) and LCR37(a)(1), the step Plaintiff did not complete. For these reasons, Plaintiff's motion to compel must be denied.

### B. Motion to Defer Ruling on Defendant's Summary Judgement Motion

Plaintiff, in his motion to defer judgment, asks that the Court defer consideration of Defendant's pending motion for summary judgment, under Fed. R. Civ. P. 56(d), on the grounds that Defendant's motion is premature and additional discovery is necessary to oppose summary judgment. (*See* dkt. # 55.) Plaintiff first explains that through discovery directed to the lone Defendant in this action, Dr. Balderrama, he determined that NaphCare, a medical service company contracted to provide medical services at the Jail, was a potential defendant in this case. (*See id*. at 1-2.) Plaintiff further explains that if he is permitted to add NaphCare as a defendant, as he recently sought to do, additional discovery will be required. (*Id*. at 2.)

Plaintiff goes on to assert that Defendant's motion for summary judgment is factually misleading and that additional discovery is required "to debunk the many misrepresentations made in Defendant's motion[.]" (Dkt. # 55 at 2.) Plaintiff next identifies various ways in which he believes Defendant's motion for summary judgment is "wrong on the merits." (*Id*. at 2-3.) Finally, Plaintiff asserts that a substantial portion of Defendant's motion for summary judgment is based on "NaphCare information," and he argues that he "has not had opportunity to acquire discovery from NaphCare or complete discovery from Defendants." (*Id*. at 3.)

1       Rule 56(d) "provides a device for litigants to avoid summary judgment when they have

2 not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians*

3 *Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by

4 affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

5 opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain

6 affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R.

7 Civ. P. 56(d).

8       A party requesting a continuance, denial, or other order under Fed. R. Civ. P. 56(d), must

9 show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further

10 discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose

11 summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525

12 F.3d 822, 827 (9th Cir. 2008) (citing *California ex rel. Cal. Dep't of Toxic Substances Control v.*

13 *Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). Failure to comply with these requirements "is a

14 proper ground for denying discovery and proceeding to summary judgment." *Id*. (quoting *Brae*

15 *Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

16       Plaintiff has submitted in support of his motion to defer consideration of Defendant's

17 summary judgment motion the declaration required by Rule 56(d). (*See* dkt. # 56.) However,

18 Plaintiff's declaration does not establish that he is entitled to a continuance of Defendant's

19 motion. Plaintiff asserts in his declaration that Defendant's motion for summary judgment relies

20 on selective events, presented out of context, "to promote a factually misleading picture of events

21 to suggest Plaintiff suffered no civil rights violations." (*Id*. at 1.) Plaintiff claims that other facts

22 exist that "are necessary to establish a correct order of factual events that demonstrate civil rights

23

ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND TO DEFER
CONSIDERATION OF DEFENDANT'S
SUMMARY JUDGMENT MOTION - 5

violations." (*Id.*) Plaintiff suggests that such facts can be found in materials that Defendant intentionally withheld during discovery and in records possessed by NaphCare. (*See id.* at 1-3.)

The Court first notes that Defendant filed his summary judgment motion on May 11, 2023, which was the deadline established by the Court for such submissions. (*See* dkt. ## 45, 52.) All discovery was to have been completed well in advance of that deadline and, thus, it cannot be said that Defendant's motion was premature. (*See id.*) The Court next notes that it recently rejected Plaintiff's attempt to add NaphCare and three NaphCare employees as Defendants to this action, along with Plaintiff's associated request to extend the discovery deadline. (*See* dkt. # 59.) Thus, to the extent Plaintiff bases his motion to continue Defendant's summary judgment motion on his need to obtain discovery from anticipated new defendants, his motion identifies no viable basis for relief.

To the extent Plaintiff bases his motion on his suspicion that Defendant Balderamma intentionally withheld discoverable material and/or relied upon NaphCare information that he did not have access to, his motion likewise identifies no viable basis for relief. Plaintiff makes no showing that Defendant Balderamma withheld discoverable material, nor does he make any showing that additional facts exist relevant to his claims against Defendant Balderamma. Plaintiff's allegations in this regard are vague, conclusory, and insufficient to entitle him to the relief he seeks.

The Court also observes that Plaintiff's NaphCare medical records appear to have been produced by Defendant Balderamma in response to Plaintiff's discovery requests, and it is those records that Defendant relies upon to support his summary judgment motion. (*See* dkt. # 53, Exs. B-C.) Plaintiff's suggestion that Defendant relied upon records to support his summary judgment

ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND TO DEFER
CONSIDERATION OF DEFENDANT'S
SUMMARY JUDGMENT MOTION - 6

motion that Plaintiff did not have access to is belied by the record. Finally, the Court observes that after Plaintiff filed his motion to defer consideration of Defendant's summary judgment motion, he filed his response to Defendant's motion, together with supporting exhibits, suggesting that Plaintiff was, indeed, able to respond Defendant's motion without additional delay. For these reasons, the Court concludes that Plaintiff has not met the requirements under Rule 56(d) to delay consideration of Defendant's summary judgment motion and, thus, Plaintiff's request is denied.

### 3.    Defendant's Summary Judgment Motion

Defendant filed his summary judgment motion on May 11, 2023, and noted the motion for consideration on June 2, 2023. (Dkt. # 52.) As noted above, Plaintiff filed a response to Defendant's summary judgment motion together with supporting materials, but the response was not filed until June 2, 2023, shortly after Plaintiff filed his motions to compel discovery and to delay consideration of Defendant's summary judgment motion. (*See* dkt. #60.) Defendant filed a reply brief in support of his summary judgment motion on June 2, 2023, and noted therein that Plaintiff had not formally responded to his motion nor had he submitted any evidentiary material. (*See* dkt. # 62.)

It is apparent that Defendant did not see Plaintiff's response prior to filing his reply brief. While Plaintiff's response to Defendant's motion was unquestionably late, it was not egregiously so. Plaintiff signed his responsive brief on May 31, 2023, two days after the filing deadline, and the document was electronically filed two days after that. (Dkt. # 60 at 15.) Under these circumstances, the Court deems it appropriate to accept Plaintiff's late filed brief and provide Defendant an opportunity to file a supplemental reply addressing the arguments raised by

Plaintiff in his response. Accordingly, the Court will set forth below a deadline by which Defendant may submit a supplemental reply and will re-note Defendant's summary judgment motion.

### III.   CONCLUSION

Based on the foregoing, the Court hereby ORDERS as follows:

(1)   Plaintiff's motion to compel discovery (dkt. # 57), and his motion to defer consideration of Defendant's pending summary judgment motion (dkt. # 55), are DENIED.

(2)   Defendant may file a supplemental reply to Plaintiff's response to Defendant's summary judgment motion not later than **July 7, 2023**, and Defendant's motion for summary judgment (dkt. # 52) is RENOTED on the Court's calendar for consideration on the same date.

(3)   The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to the Honorable John H. Chun.

Dated this 29th day of June, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge