UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GILBERT MICHAEL GREENWOOD,

                 Plaintiff,

  v.

PIERCE COUNTY, *et al*.,

                 Defendants.

Case No. C21-5874-JHC

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on Plaintiff Gilbert Michael Greenwood's objections to the Report and Recommendation at Dkt. # 66. Dkt. # 67.

    Plaintiff filed a civil rights action under 42 U.S.C. § 1983 against Miguel Balderrama, M.D., for an alleged violation of his Fourteenth Amendment right to receive adequate medical care while confined at the Pierce County Detention and Correction Center. Dkt. # 8. Defendant Balderrama moved for summary judgment. Dkt. # 52. The Honorable Michelle L. Peterson, United States Magistrate Judge, issued a Report and Recommendation on August 11, 2023, recommending that Defendant's motion for summary judgment be granted and this action be dismissed with prejudice. Dkt. # 66.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1

      Petitioner objects to Judge Peterson's recommendations and addresses the facts section of the Report and Recommendation (Dkt. # 66 at 3–13) nearly line by line. Dkt. # 67. Plaintiff does not address the legal analysis section of the Report and Recommendation. *See*, *generally,* Dkt. # 67. Plaintiff states that the Report and Recommendation's summary and discussion of Plaintiff's interactions with Defendant Balderrama and the clinic's providers is "summed, but grossly incomplete." Dkt. # 67 at 1. Plaintiff cites Defendant Balderrama's job duties and states that, given these duties, many of the allegedly faulty interactions Plaintiff had with medical staff were the responsibility of Defendant Balderrama. *E.g.*, Dkt. # 67 at 2–3, 4, 5, 7. For example, many times Plaintiff states that medical staff's responses to Plaintiff during "sick calls" or other interactions were "unprofessional" and indicated lack of training. *E.g.*, Dkt. # 67 at 6, 7, 10–11. Plaintiff also asserts that many of the submitted chart notes and medical reports did not accurately summarize the contents of the "sick call." *E.g.* Dkt. # 67 at 4–5, 10, 11–13, 16. Plaintiff also asserts that Defendant Balderrama was aware of Plaintiff's Syringomyelia condition as early as June 2018, *e.g.*, Dkt. # 67 at 8, 10, and that lack of immediate treatment was inappropriate given reported symptoms, Dkt. # 67 at 11–12, 14–15. Plaintiff argues that he has "demonstrated both solid and circumstantial evidence to doubt and disagreement to material facts." Dkt. # 67 at 18.

      To survive a motion for summary judgment, the nonmoving party must prevent evidence to establish a genuine issue of material fact for their claim. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party cannot defeat summary judgment "with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Plaintiff's Fourteenth Amendment right to receive adequate medical care claim is evaluated under a deliberate indifference standard. *See Castro v. County of*

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 2

*Los Angeles*, 833 F.3d 1060, 1070–71 (9th Cir. 2016) (en banc).  This requires a plaintiff to show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).  Plaintiff's objections, which include speculative and conclusory statements, do not offer any evidence that shows a genuine issue of material fact.  Plaintiff does not provide evidence to support his statements and therefore fails to show that Defendant Balderrama's treatment of Plaintiff's gastroesophageal reflux disease and syringomyelia were "objectively unreasonable*.*"  *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).

Given the foregoing, the Court ORDERS:

(1)     The Report and Recommendation (Dkt. # 66) is approved and adopted.

(2)     Defendant's motion for summary judgment (Dkt. # 52) is GRANTED.

(3)     Plaintiff's amended complaint (Dkt. # 8) and this action are DISMISSED with prejudice.

(4)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to Judge Peterson.

DATED this 17th day of October, 2023.

JOHN H. CHUN
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 3